**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4342**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEREMY ANDREW ATKINS,

        Defendant - Appellant.

———————

**No. 15-4343**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN DAVID HILLSON,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00377-WO-20; 1:14-cr-00377-WO-19)

———————

Submitted: March 30, 2016      Decided: April 25, 2016

———————

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

———————

No. 15-4342, affirmed, and No. 15-4343, vacated and remanded by unpublished per curiam opinion.

---

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina; Renorda E. Pryor, HERRING LAW CENTER, PLLC, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jeremy Atkins and Jonathan Hillson challenge their sentences. Atkins and Hillson each pled guilty to one count of conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine, a violation of 21 U.S.C. §§ 841(c)(2), 846 (2012). Atkins challenges the drug quantity attributed to him at sentencing. Hillson challenges the district court's refusal to award a three-level reduction for acceptance of responsibility and the district court's Sentencing Guidelines calculation. Finding no error in Atkins' sentence, we affirm. Because the district court erred in recalculating Hillson's Guidelines range, we vacate his sentence and remand for further proceedings.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). Clear error occurs if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks omitted). In calculating drug amounts, the district court may "consider [any] relevant information . . . , provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Crawford, 734 F.3d 339,

3

342 (4th Cir. 2013); see also U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (2014). We will afford the district court "broad discretion in determining what information to credit in making its calculations." United States v. Stewart, 256 F.3d 231, 253 n.18 (4th Cir. 2001).

Here, the district court heard testimony from two law enforcement officers to determine the appropriate drug amount to attribute to Atkins. Other codefendants' statements to law enforcement also informed the investigation. And, the district court used the National Precursor Log Exchange records to determine the amount of pseudoephedrine Hillson purchased. The district court's calculations are thus supported by reliable evidence and are not clearly erroneous, and this claim entitles Atkins to no relief.

Hillson challenges the district court's decision to deny him an acceptance of responsibility adjustment. This determination is a factual one and thus reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "[T]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotation marks omitted).

Section 3E1.1 of the U.S. Sentencing Guidelines Manual provides for a two-level reduction for a defendant who "'clearly demonstrates acceptance of responsibility for his offense.'" United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (quoting USSG § 3E1.1(a)). To merit this reduction and the additional reduction outlined in USSG § 3E1.1(b), the defendant must establish by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). "[A] denial of relevant conduct is inconsistent with acceptance of responsibility." Elliott, 332 F.3d at 766 (internal quotation marks omitted); see USSG § 3E1.1 cmt. n.1 (A).

We conclude that the district court did not clearly err when it ruled that Hillson's denial of offense conduct was inconsistent with acceptance of responsibility. After conducting a thorough examination, the district court continued the sentencing hearing to provide Hillson an opportunity to discuss his conduct with his attorney. At the reconvened hearing, Hillson continued to maintain that he did not know the pseudoephedrine would be used to make methamphetamine. This denial of the offense conduct is inconsistent with the acceptance of responsibility.

Although the district court properly denied Hillson a reduction for acceptance of responsibility, it erroneously recalculated Hillson's Guideline sentencing range after eliminating the § 3E1.1 reduction. In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Because Hillson did not challenge the recalculation at sentencing, our review is for plain error. To establish plain error, Hillson must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that 'it affected the outcome of the district court proceedings.'" United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013) (quoting United States v. Olano, 507 U.S. 725, 732-34 (1993)). If this burden is met, we exercise discretion to correct the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (brackets and internal quotation marks omitted).

Hillson's properly calculated total offense level, without the § 3E1.1 reduction, was 24, but the district court applied an offense level of 26. Based on this error, Hillson likely received a higher sentence than he would have if the had court correctly calculated his base offense level. Consequently, the

6

error affected Hillson's substantial rights and affected the outcome of the proceedings. We therefore exercise our discretion to correct the error and vacate Hillson's sentence.

Accordingly, we affirm Atkins' sentence and we vacate and remand Hillson's sentence for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 15-4342: <u>AFFIRMED</u>;
No. 15-4343: <u>VACATED AND REMANDED</u>